UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACCOR NORTH AMERICA, INC., | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:08MC379(RNC) |
| OAKLEAF WASTE MANAGEMENT, LLC, | : |
| Defendant. | : |

RULING ON MOTION TO TRANSFER

The plaintiff and the defendant are parties to a lawsuit currently pending in the Eastern District of Texas.[1] In late October, 2008, in connection with that case, the plaintiff noticed the deposition of the defendant's Chief Operating Officer, Gino L. Porazzo, at the defendant's office in Hartford, Connecticut.

Seeking to prevent the deposition, the defendant commenced this case on November 7, 2008 by filing a Motion for Protective Order (doc. # 1).[2] The plaintiff has filed a Motion to Transfer (doc. #6), asking the court to transfer the Motion for Protective Order to the Eastern District of Texas for decision by that court. The defendant objects to such transfer.

Fed. R. Civ. P. 26(c) provides that a party may move for a

---

[1]A second case between the parties is pending before the Connecticut Superior Court in Waterbury.

[2]In its Motion for Protective Order, the defendant argues, *inter alia*, that the deposition should not go forward because the deponent is a senior executive who lacks any personal knowledge of the matters at issue in the litigation.

protective order "in the court where the action is pending- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."  Courts in this circuit have recognized that "[j]udges in districts other than that in which the case is pending 'possess discretion to defer to the judge handling the case on the merits.'" <u>Laclede Professional Products, Inc. v. Sultan Dental Products Ltd.</u>, No. M8-85(LMM), 1999 U.S. Dist. LEXIS 4683 (S.D.N.Y. Feb. 18, 1999), quoting <u>Matter of Orthopedic Bone Screw Prods. Liab. Litig.</u>, 79 F.3d 46, 48 (7th Cir. 1996).

The parties agree that the case has been pending before the Eastern District of Texas for over a year, and that court has ruled on at least one substantive motion.  They disagree about just how much familiarity that court has with the facts of the case, and also about whether such background information is necessary for the resolution of this discovery motion.  The defendant contends that the motion for protective order is a straightforward discovery motion that this court is as capable of deciding as the Eastern District of Texas.

On the other hand, the defendant does not point to any burden or prejudice that would result from litigating its motion in Texas.  Plaintiff represents that the deponent is a Colorado resident, and his deposition was apparently noticed in Connecticut because his company has offices here.  The motion for

protective order is brought by a party to the Texas action, not by a third-party witness. The plaintiff also notes, and the defendant does not dispute, that the attorney who filed the motion for protective order on the defendant's behalf also represents the defendant in the Texas action.

Therefore, the court defers to the Eastern District of Texas, in the interests of judicial economy and uniformity of discovery rulings. That court has more familiarity with the facts and issues of the case and is better positioned to consider the implications of a discovery motion that could ultimately affect future discovery issues as well as the evidence at trial.

The plaintiff's Motion to Transfer (doc. #6) is therefore granted. The defendant's Motion for Protective Order (doc. #1) is denied without prejudice to refiling in the Eastern District of Texas.[3]

SO ORDERED at Hartford, Connecticut this 4th day of December, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[3] For administrative purposes and ease of handling, to ensure that the motion is properly filed with the Texas court, the court leaves it to the defendant to refile its motion with that court.